**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4141**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

THERESA MCNEAL LANCASTER,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (4:08-cr-00035-BR-1)

Submitted:  August 25, 2009         Decided:  September 3, 2009

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry C. Su, HOWREY LLP, East Palo Alto, California, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theresa McNeal Lancaster pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006), bank robbery, in violation of 18 U.S.C. § 2113(a), and aiding and abetting and bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a) (2006). The district court sentenced Lancaster to 109 months of imprisonment and Lancaster now appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Lancaster was informed of her right to file a pro se supplemental brief but did not do so. We affirm.

In the Anders brief, counsel questions whether Lancaster's guilty plea was knowing and voluntary because Lancaster did not understand the charges to which she pleaded guilty. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that she understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty she faces, and the various rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11

2

colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). There is a strong presumption that a defendant's guilty plea is binding and voluntary if the Rule 11 hearing was adequate. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).

Here, the district court fully complied with the requirements of Rule 11. Furthermore, Lancaster averred at the Rule 11 hearing that she fully understood the charges to which she was pleading guilty. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (finding that statements made during a plea hearing "carry a strong presumption of verity"). We have thoroughly reviewed the record and conclude that Lancaster's post-plea assertions that she misunderstood the charges to which she pleaded guilty "fail to overcome the barrier of the sworn statements made at [her] Rule 11 hearing." United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

Counsel next argues that Lancaster's trial counsel rendered ineffective assistance at sentencing. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that

3

counsel's performance fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

This court may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have thoroughly reviewed the record and conclude that it does not meet the exacting standard of Baldovinos. Accordingly, we decline to reach on direct appeal Lancaster's claim that her counsel's performance at sentencing was constitutionally ineffective.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Lancaster, in writing, of the right to petition the Supreme Court of the United States for further review. If Lancaster requests that a

4

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lancaster. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED